CONOLLY ET AL *vs.* BERTRAND, f. m. c.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

CONNOLLY ET AL.
*vs.*
BERTRAND,
f. m. c.

Vendors in warranty are not entitled to interest on the price of a slave, when eviction takes place, and they are required to refund the price to their vendee.

This is a redhibitory action to rescind the sale of a slave and recover back the price.

The plaintiffs allege that on the 8th of December, 1836, they purchased a negro woman, named Betsey, at auction, sold as the property of the defendant and by his directions, for the sum of seven hundred and forty-five dollars. They further show, that at the time and before the sale the negro woman was so affected with a redhibitory defect, as to render her worthless, and which the vendor fraudulently concealed ; that said slave is an idiot and incapable of performing any service whatever, which they have communicated to the vendor, and offered to restore her on the price being refunded, all of which the defendant refuses. They pray that the sale be rescinded, and the price refunded, and that the defendant be condemned to take back the said slave, and after returning the price, that he pay ten dollars for physician's fees, and nine dollars for notarial acts, and two hundred dollars in damages.

The defendant admitted the sale but denied all fraud and prayed to be dismissed.

And for further answer, he avers, that he purchased said slave with full guaranty from A. E. Bienvenu, for seven hundred and sixty dollars, and that if the ailment complained of existed to the extent set forth in the petition, and forms a proper cause for redhibition, it must have existed at the time of the sale to him. He prays that A. E. Bienvenu be cited in warranty to defend him in the present suit, and in case of recovery against him, that he be reimbursed the price paid to his warrantor.

Bienvenu pleaded a general denial to the plaintiff's peti-

EASTERN DIST.
May, 1838.

CONNOLLY ET AL.
vs.
BERTRAND,
f. m. c.

tion, and denies that at the time he sold the slave in question she was affected with the redhibitory defect complained of; that he purchased her from F. H. Petitpain, with full guaranty, for the price of seven hundred and twenty-five dollars; and that if there be judgment in warranty against him, he should have a like judgment against Petitpain for the reimbursement of the price he gave, etc., whom he calls in warranty to defend.

Petitpain admitted the sale, but denied generally the allegations in the petition; and positively denied that the slave was afflicted with the redhibitory disease complained of at the time he sold her, etc.

Upon these pleadings and issues, the case was tried before the court and a jury.

The jury returned a verdict on the evidence of the case, rescinding the sale, and requiring the price to be returned with costs; and that the several vendees have judgment against their vendors, rescinding the sales and returning the price paid by them respectively. Beinvenu and Petitpain appealed.

*Benjamin*, for the plaintiffs.

*Roselius* and *Burthe*, for the appellants.

*Carleton, J.*, delivered the opinion of the court.

This is an action brought to cancel the sale of a slave, alleged to be affected with idiocy at the time of the transfer.

There was judgment for the plaintiff against his vendor, and in favor of the respective vendees, as far as the warranty was sought to be enforced; two of the warrantors, Bienvenu and Petitpain appealed.

Vendors in warranty, are not entitled to interest on the price of a slave, when eviction takes place, and they are required to refund the price to their vendee.

The controversy turns mainly upon matters of fact, of which the jury were the proper judges, and we find nothing in the testimony that can impeach the correctness of their verdict.

The counsel for Bienvenu, has assigned for error, that no interest was allowed the respective warrantors on the sums by them paid. We do not, however, think they have any just

ground of complaint, as each vendee had the services of the slave while in possession, and the use of the price as soon as sold.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.